NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPHRIEM MARIO MILLER,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>D. K. SISTO, Warden,<br><br>　　　　Respondent. | No. C 09-00250 JF (PR)<br><br>ORDER OF DISMISSAL; DENYING MOTION FOR STAY; DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AS MOOT<br><br>(Docket Nos. 2, 4 & 5) |

　　　　Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 21, 2009. Petitioner has paid the filing fee. (See Docket No. 7.) Accordingly, Petitioner's motions for leave to proceed in forma pauperis (Docket Nos. 4 & 5) are DENIED as moot.

**STATEMENT**

　　　　Petitioner pled guilty in San Mateo County Superior Court to residential burglary, commercial burglary, and grand theft, among other crimes. (Pet. 2.) On October 21, 2005, the trial court sentenced him to a term of 16 years in state prison. Petitioner appealed the conviction and sentence to the California Court of Appeal, which denied the

1 appeal.  Petitioner did not appeal the conviction to the California Supreme Court.

2 Petitioner filed state habeas petitions in the state superior and appellate courts.  Petitioner

3 filed a state habeas petition in the California Supreme Court which is "under submission."

4 (Pet. 5b.)

## DISCUSSION

A. <u>Standard of Review</u>

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B. <u>Exhaustion</u>

In his petition, Petitioner states that he appealed his conviction and sentence to the California Court of Appeal, and the appeal was denied in 2006.  (Pet. 3.)  Petitioner indicates in his petition that he did not appeal the conviction or sentence to the California Supreme Court.  (<u>Id.</u> at 4.)  According to the petition, Petitioner filed state habeas petitions in the state superior and appellate courts which were denied in 2007 and 2008. Petitioner states that he has a habeas petition "under submission" in the California Supreme Court.  (<u>Id.</u> at 5b.)

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  <u>See</u> 28 U.S.C. § 2254(b)-(c).  If available state remedies have not been exhausted as to all claims, the district court must

1  dismiss the petition.  Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981).  Before he may
2  challenge either the fact or length of his confinement in a habeas petition in this Court,
3  petitioner must present to the California Supreme Court any claims he wishes to raise in
4  this court.  See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in
5  federal habeas petition must be exhausted).  The exhaustion requirement is not satisfied if
6  there is a pending post-conviction proceeding in state court.  See Sherwood v. Tomkins,
7  716 F.2d 632, 634 (9th Cir. 1983).  If available state remedies have not been exhausted as
8  to all claims, the district court must dismiss the petition.  See Rose v. Lundy , 455 U.S. at
9  510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

10    Petitioner filed a motion requesting "protective filing" of the instant petition under
11  Rhines v. Weber, 544 U.S. 269 (2005), to stay the instant petition pending exhaustion of
12  his claims in the California Supreme Court in order to save his petition from being
13  untimely.  However, Rhines only permits the district court to stay *mixed* habeas petitions
14  to allow the petitioner to exhaust in state court. Id. at 277-78.  A district court does not
15  have discretion to stay a petition containing only unexhausted claims, however, even
16  where the record shows that there were exhausted claims that could have been included.
17  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Therefore, this Court does not
18  have discretion to stay the instant petition which contains only unexhausted claims.  Id.
19  Accordingly, Petitioner's motion is DENIED.  (Docket No. 2.)

## CONCLUSION

22    The instant petition is DISMISSED for failure to exhaust state court remedies.  See
23  Rose v. Lundy , 455 U.S. at 510.  This dismissal is without prejudice to petitioner's
24  returning to federal court after exhausting his state court remedies.
25    This order terminates Docket Nos. 2, 4 and 5.
26    IT IS SO ORDERED.
27  DATED: 5/22/09
          _____
          JEREMY FOGEL
28        United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EPHRIEM M. MILLER,

        Petitioner,

v.

D.K. SISTO, Warden,

        Respondent.

                               /

Case Number: CV09-00250 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  5/29/09 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ephriem Mario Miller F-01029
CSP-Vacaville
2100 Peabody Road
P.O. Box 4000
Vacaville, CA 95696

Dated:   5/29/09

                                        Richard W. Wieking, Clerk